73046. BRADFORD v. THE STATE.
(355 SE2d 735)

BENHAM, Judge.

This appeal is from appellant's conviction of armed robbery.

1. In his first enumeration of error, appellant complains of allegedly prejudicial closing argument by the prosecuting attorney. Our review of the transcript reveals no error in that regard: the alleged misstatements either were corrected, were permissible inferences or conclusions from the evidence, or were the subject of nonspecific objections on which no rulings were invoked. See *Watts v. State*, 155 Ga. App. 376 (1) (271 SE2d 29) (1980).

2. There was no error in denying appellant's motion in limine directed at the circumstances of his arrest. Although appellant is correct that testimony that he pointed a sawed-off shotgun at the arresting officers would tend to show the commission of a separate crime (aggravated assault on a police officer), the case he cites in support of his argument, *Barfoot v. State*, 173 Ga. App. 461 (326 SE2d 791) (1985), clearly holds that such evidence is admissible.

3. The essence of appellant's third enumeration of error is that the State should be estopped from prosecuting him because of an eight-month pre-indictment delay and because agents of the State

promised that he would not be prosecuted if he cooperated in an unrelated investigation in which he was not implicated. The record, however, does not support appellant's claim of estoppel or his claim of prejudice resulting from pre-indictment delay. All appellant has shown is that he was asked to assist in an unrelated investigation and that a key statement by an eyewitness in the present case was not provided to the district attorney for a period of eight months while the unrelated investigation in which his cooperation was sought was pending. Appellant has not shown a firm agreement not to prosecute or any prejudice resulting from the eight-month delay between his arrest and indictment. See *State v. Madden*, 242 Ga. 637 (250 SE2d 484) (1978); *Harris v. Hopper*, 236 Ga. 389 (224 SE2d 1) (1976). We find no error in the denial of appellant's motion to dismiss the indictment.

4. The fourth enumeration of error asserted by appellant raises the general grounds. The evidence authorized the jury to find that the victim was robbed of cash and a pistol by several men who got out of a Ford Fairlane after using a flashing blue light to get the victim to stop his car. One of the men carried a sawed-off shotgun. Appellant and several others were arrested the day after the robbery. They were in a Ford Fairlane from which the victim's pistol was thrown and in which a blue light was found. Appellant got out of the car, pointed a sawed-off shotgun at the arresting officers, then ran away, only to be apprehended soon thereafter. An extrajudicial statement by an eyewitness, admissible as substantive evidence under *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), identified appellant as one of the robbers. That evidence authorized any rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-8-41.

5. Appellant claims that he was not permitted to question a police officer concerning the suppression of the eyewitness's statement and that he was, thereby, deprived of his right to cross-examine the officer. " 'In order to be in a position to complain of the abridgement of the right of cross-examination, a party to a legal proceeding or his counsel must either ask the questions he desires to ask or state to the court what questions he desires to ask and then interpose timely objection to the ruling of the court denying the right to propound the questions. [Cits.]' Counsel in the instant case did neither act required of him. As the scope of cross-examination rests largely within the sound discretion of the judge, we find no merit in this enumeration. [Cit.]" *Berry v. State*, 163 Ga. App. 705 (4) (294 SE2d 562) (1982).

6. Appellant moved at trial for a mistrial on the ground that a witness violated the rule of sequestration by conversing with the previous witness prior to entering the courtroom. He argues on appeal

that the witness' testimony should have been excluded.

The violation of sequestration does not render the offending witness incompetent to testify. *Jordan v. State*, 247 Ga. 328 (10) (276 SE2d 224) (1981). Appellant's "recourse was to seek instructions from the court informing the jury that the . . . violation of the rule should be considered in determining the weight and credit to be given to the testimony of the witness. [Cits.]" *Wright v. State*, 246 Ga. 53 (1) (268 SE2d 645) (1980). Appellant did not seek such recourse, and we find no error in the denial of his motion for mistrial or in the trial court's failure to exclude the testimony.

7. The indictment under which appellant was tried contained the names of two co-indictees who were not tried with appellant. He contends on appeal that the trial court erred by refusing to mask the names of the co-indictees before sending the indictment out with the jury. The basis for his argument is that the appearance of those names could have given the jury the impression that a conspiracy existed between him and the co-indictees. Appellant cites no authority in support of his position that the names should have been masked, and we have found none. A review of the record shows that the jury was much more likely to get an impression of conspiracy and joint commission of a crime from the evidence than from the indictment. Given the state of the evidence and the trial court's instruction that the jury was to be concerned only with appellant's innocence or guilt and not that of his co-indictees, we find no error in the trial court's refusal to require that the indictments be masked.

8. Finally, appellant contends that his character was put into issue by a police officer's testimony that when appellant pointed a sawed-off shotgun at him, he knew who appellant was. The fact that a defendant is known to the police does not put his character in issue. *Kirkland v. State*, 173 Ga. App. 687 (5) (327 SE2d 808) (1985).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only as to Divisions 1, 3, 5 and 6.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 30, 1987 —

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *David T. Lock, J. Clayton Culp*, Assistant District Attorneys, for appellee.