## A91A0281. BOYD v. THE STATE.
(409 SE2d 44)

COOPER, Judge.

Defendant appeals from the judgment and sentence entered on his misdemeanor conviction of making harassing telephone calls. OCGA § 16-11-39 (4). Although he was represented by counsel at trial, his appeal is pro se.

The trial transcript reveals that in August 1988, R. L. Conway, a part-time magistrate, signed a warrant against appellant taken out by appellant's estranged wife. On September 18, 1988, appellant telephoned Conway at his home, questioned Conway about whether he intended to run for the city council and threatened to sue Conway if he did run for office. Conway told appellant not to call him at home and hung up the telephone. A short time later, appellant called Conway again for no apparent reason and Conway again told appellant not to call him at home and hung up the telephone. Appellant telephoned Conway two more times that day to the point that Conway felt harassed and threatened.

1. Appellant's first, third, and fourth enumerations of error amount to his contention that the evidence was insufficient to support the verdict. We conclude that the evidence was sufficient for a reasonable trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, appellant contends that he was denied a speedy trial. The record reflects that in February 1989 appellant filed a document captioned "Plea of Not Guilty and Demand for a Jury Trial." "A written demand for a jury is not analogous to a demand for trial pursuant to OCGA § 17-7-170." *Kramer v. State*, 185 Ga. App. 254, 255 (363 SE2d 800) (1987). Furthermore, unlike *Green v. State*, 191 Ga. App. 873 (383 SE2d 359) (1989), the text of appellant's document does not make a request for a speedy trial pursuant to OCGA § 17-7-170, but merely sets forth appellant's request for a trial by jury. Appellant's second enumeration is without merit.

3. Appellant contends in his fifth enumeration of error that the trial court erred in denying his motion for directed verdict made at the close of the State's evidence. "The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the 'essential elements of the crime beyond a reasonable doubt.' [Cit.]" *Garmon v. State*, 192 Ga. App. 250 (384 SE2d

278) (1989). In accordance with Division 1 of this opinion, we find appellant's fifth enumeration of error to be without merit.

4. Appellant has raised for the first time on appeal that his counsel at trial was ineffective. The judgment and sentence from which appellant appeals were entered on June 26, 1990. Appellant filed his pro se notice of appeal on July 9, 1990. " 'Currently, the rule appears . . . to be that a challenge to the effectiveness of trial counsel will not be considered on appeal where it has not been raised in the trial court in such a manner as to enable the court to rule on it.' [Cit.] Because no motion for new trial was ever filed in this case, the trial court has not had the opportunity to consider the issue of the effectiveness of appellant['s] trial counsel, with the result that the present appeal presents nothing for review. [Cit.]" *White v. State*, 192 Ga. App. 703 (386 SE2d 56) (1989).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 — 

Jimmy A. Boyd, *pro se.*
*Gerald N. Blaney, Jr., Solicitor,* for appellee.