## A91A1404. MERRILL v. THE STATE.
### (411 SE2d 283)

BIRDSONG, Presiding Judge.

This is a prosecution of Marc Merrill for driving under the influence. In a previous decision, *Merrill v. State*, 192 Ga. App. 890 (386 SE2d 684), we held that appellant's "Omnibus Motion," which in paragraph 25 requested a trial within two terms or an acquittal and discharge, "obfuscated the nature of the pleading" (id. at 891), and was in any case premature as it was filed before the accusation was filed. Following the Supreme Court's denial of certiorari and our remittitur on November 27, 1989, appellant Merrill, on May 21, 1990, filed a second motion for acquittal and discharge pursuant to OCGA § 17-7-170 for failure to provide speedy trial, contending the State was given fresh notice of his speedy trial demand by *our decision* in his first appeal. The trial court denied this motion for acquittal and discharge. Merrill appeals. *Held*:

Appellant contends that *our decision* affirming the denial of his first motion for acquittal and discharge cleared up the obfuscatory nature of his "Omnibus Motion" and put the State on notice of a demand for speedy trial; and moreover, that our ruling, which natu-

rally occurred after the accusation was filed against appellant, rendered appellant's "demand" timely. He thus asserts that when we affirm the denial of an acquittal and discharge because a defendant made an untimely and insufficient demand for speedy trial, a new demand for speedy trial is perfected by *our decision* and is automatically lodged in the trial court on the filing of the remittitur from this court.

The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with this statute. *Head v. State*, 189 Ga. App. 111 (375 SE2d 46). This court has held previously that the defendant's "demand" in this omnibus motion was insufficient to invoke the extreme sanction of dismissal and acquittal (*Merrill*, supra) and the fact that we so held does not operate to perfect that insufficient demand or render it "sufficient" so as to serve as the basis for a second motion for dismissal or acquittal.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991 —

*Robert S. Devins*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Andrew T. Rogers, J. Cliff Howard, Assistant Solicitors*, for appellee.