A97A2053. ALLEN v. THE STATE.
(496 SE2d 526)

JOHNSON, Judge.

A jury rejected Joelynn Allen's coercion defense and found her guilty on two counts of selling crack cocaine. She appeals from the judgment entered on that conviction, asserting the trial court erred in denying her motion for mistrial when her character was impermissibly placed in evidence.

The motion for mistrial came as a police officer was describing how Allen had been identified as the person seen on a videotape selling drugs to undercover officers. "During the trans — actual transaction, we were unaware of the defendant's true name. We show, we turned over our video tape to our RNS which is the Regional Narcotics Specialist, who is actually the coordinator of these undercover investigations, our boss, in essence. And he took [the] video tape and showed it to the Metro Drug Task Force, which is also in Glynn County, and some of their agents recognized [her]."

Testimony that individuals in law enforcement were able to identify Allen on a videotape did not place her character into evidence. Despite all of Allen's protestations to the contrary, the law in this area is clear: The fact that a defendant is known to police simply does not put his character in evidence. *Bradford v. State*, 182 Ga. App. 337, 339 (8) (355 SE2d 735) (1987). See also *Gooden v. State*, 204 Ga.

App. 62, 64 (2) (418 SE2d 632) (1992); *McKenzie v. State*, 187 Ga. App. 840, 845-846 (6) (371 SE2d 869) (1988). The trial court did not err in denying Allen's motion for mistrial.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 29, 1998

*James J. Lacy, Timothy L. Barton*, for appellant.

*Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney*, for appellee.