S98A0988. HAYEK v. THE STATE.
(506 SE2d 372)

SEARS, Justice.

In this matter, we conclude that the trial court erred in ruling that, because Uniform Traffic Citations ("UTCs") filed with the state court clerk's office did not trigger the accused's statutory right to demand a speedy trial, the accused's demand was premature. That ruling contradicted this Court's express holding in *State v. Gerbert*[1] that the statutory right to demand a speedy trial of a traffic offense attaches when a UTC is filed with the court. The trial court's ruling also impeded the accused's due process right to know when the

---

[1] 267 Ga. 169, 170 (475 SE2d 621) (1996).

State's formal prosecution against him commenced. Therefore, we reverse.

On February 22, 1997, appellant Joby Joseph Hayek was issued several uniform traffic citations for driving offenses. On March 4, 1997, the UTCs were received in the state court clerk's office, and the clerk stamped the UTCs as "filed." On March 19, 1997, Hayek filed a speedy trial demand under OCGA § 17-7-170, and the solicitor was served with a copy of the demand. More than two terms of court in which juries were empaneled to hear cases passed thereafter. During that time, Hayek was not brought to trial.

Hayek then filed a motion for discharge and acquittal, arguing that his speedy trial rights had been denied. The trial court denied the motion, ruling that the clerk's stamp on the UTCs was not a "stamped as filed" date, but rather merely indicated that the UTCs had been received by the clerk's office on March 4, 1997. The state court clerk testified that the formal accusation against Hayek was not filed in her office until October 22, 1997. According to the clerk, her office did not establish a file on the State's case against Hayek until that time. Based upon this testimony, the state court concluded that Hayek's right to demand a speedy trial was not implicated until October 22, 1997, and that Hayek's speedy trial demand was premature and untimely.

1. OCGA § 17-7-170 entitles an accused to file a demand for a speedy trial during the court term in which the accusation is filed or the next regular court term. The demand must be served on the prosecutor.[2] If the accused is not tried during the term in which the demand is filed or during the following term, and if juries were empaneled and qualified to try the case during both terms, the defendant "shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."[3]

2. OCGA § 40-13-1 establishes that a UTC may "serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged." The citation and complaint summon the person accused of the traffic offenses to appear in court on a specific date to answer the charges.[4] So long as the matter is not tried in superior court, the accused may either plead guilty or be tried for the traffic offense charged in the UTC, and the State does not need to file a formal accusation.[5]

3. In *State v. Gerbert*, supra, this Court held that:

---

[2] OCGA § 17-7-170 (a).
[3] OCGA § 17-7-170 (b).
[4] See OCGA §§ 40-13-24; 17-7-170 (b).
[5] OCGA § 40-13-3; *State v. Gerbert*, 267 Ga., supra at 170.

the statutory right to demand a speedy trial of a traffic offense . . . attaches when the [UTC] is filed with the court. If a court can adjudicate the charges in the citation without the filing of a formal accusation, then a defendant should be able to [file] a speedy trial demand based solely on the citation. This holding . . . fulfills the purpose of the speedy trial guarantee — "the right to have charges brought against one disposed of not only while witnesses are available and their memories are fresh but also so that the deleterious effects of a pending charge on a defendant are lessened." It also is consistent with the cases holding that the prosecution of a traffic offense, for statute of limitation purposes, begins when the [S]tate issues the [UTC].[6]

It follows from this holding that Hayek's right to demand a speedy trial was implicated when the UTC was filed with the state court clerk's office on March 4, 1997, and his speedy trial demand, filed on March 19, 1997, was timely.[7] In denying Hayek's motion for discharge and acquittal, the state court erred in concluding otherwise.

Furthermore, the trial court's ruling in this matter would deny those accused of traffic offenses knowledge of when the time for filing a speedy trial demand commences. As explained above, the Code permits the State to prosecute traffic offenses in state courts on the basis of UTCs, without the filing of a formal accusation. Thus, the State has the right to bring an individual to trial for traffic offenses any time after a UTC is filed with the clerk of court. Concomitantly, basic principles of fundamental fairness and reciprocity require that an accused be allowed to assert a speedy trial demand once a UTC is filed with the court clerk.[8] Otherwise, an accused traffic offender is left to guess whether his prosecution will proceed on the basis of the filed UTC, in which case his speedy trial demand must be asserted, or if the State intends to file a formal accusation at a later date, in which case a speedy trial should be forestalled.

4. The State contends that the trial court's ruling was authorized by OCGA § 15-18-66 (b) (10)'s provision that solicitors are authorized to "enter a nolle prosequi on any accusation, citation, or summons filed and pending . . . in the state court as provided by law. No accusation, citation, or summons shall be considered filed unless such filing has been done with the consent, direction, or approval of the solicitor-general." Due to the lack of evidence in this case that the UTCs were filed with the clerk's office in March 1997 at the solicitor's

---

[6] 267 Ga. at 170-171.
[7] See OCGA § 17-7-170 (a).
[8] See *Gerbert*, 267 Ga. at 170.

direction, the State argues that this statutory language establishes that the filing did not implicate Hayek's speedy trial rights.

We disagree. As it is written, it is ambiguous whether the second sentence of subsection 15-18-66 (b) (10) ("No accusation, citation, or summons shall be considered filed unless the filing has been done with the consent, direction, or approval of the solicitor-general") is intended (1) to modify the first sentence of the subsection, regarding nolle prosequis, or, alternatively, (2) to apply universally to all "accusations, citations or summons." However, were we to construe the second sentence as applying universally, we might foster a situation where those accused of traffic offenses would have no way of knowing when the State's prosecution against them commences. As explained, that result would violate both this Court's holding in *Gerbert*, supra, as well as basic tenants of fundamental fairness. Whenever possible, a statute must be construed so as to affirm its constitutionality, and to uphold the due process rights of affected parties.[9] Accordingly, we construe the second sentence of subsection 15-18-66 (b) (10) as modifying the first sentence of the subsection, to mean that solicitors are authorized to enter nolle prosequis on those accusations that have been filed with the trial courts at their direction. That being so, the trial court erred in relying upon the subsection to rule that the UTCs in this case were not officially filed for purposes of the accused's right to file a speedy trial demand.[10]

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Jerry L. Webb, Jr.,* for appellant.
*Cheryl F. Custer, District Attorney, Charles C. Flinn, Assistant District Attorney,* for appellee.

---

[9] *HCA Health Svcs. v. Roach*, 265 Ga. 501, 503 (458 SE2d 118) (1995).

[10] The ruling in *Meservey v. State*, 230 Ga. App. 382 (496 SE2d 518) (1998), is factually distinguishable, as that opinion does not state that the UTC at issue was stamped as having been *filed* in the court clerk's office. Furthermore, because of our ruling in Division 4, we need not consider appellant's constitutional vagueness challenge to OCGA § 15-18-66 (b) (10).