A98A0823. DANIELS v. THE STATE.
(509 SE2d 368)

McMURRAY, Presiding Judge.

Defendant Daniels brings this out-of-time appeal from his conviction of theft by receiving stolen property (OCGA § 16-8-7) and misdemeanor obstruction of a law enforcement officer (OCGA § 16-10-24 (a)). *Held*:

1. Defendant was apprehended when police officers on routine

patrol stopped a stolen vehicle driven by him due to a failure to dim headlights for oncoming traffic. There were a number of passengers in the vehicle operated by defendant, and at trial defendant sought to discredit the officers' testimony that he was the driver. In this connection, defendant asked Charles Collins, one of the officers who had since left the police force, "[a]nd now let me ask you this, Mr. Collins, and certainly I mean no disrespect, but did you acquire a history of making bad arrests while you were on the police force?" The prosecuting attorney indicated he was objecting "unless he has a good faith basis for this question." Defense counsel stated "[y]our Honor, this is cross-examination and I can certainly ask —" before the trial court announced that the prosecuting attorney's objection was sustained. After this ruling defense counsel stated: "Well, I can't ask that question . . ." and the prosecuting attorney responded: "Not without a good faith basis." Thereafter, after a brief bench conference on another subject, redirect examination of the witness commenced.

In his first enumeration of error, defendant maintains that his cross-examination of the former police officer, Collins, was improperly limited by the trial court's sustaining the prosecutor's "good faith basis" objection. However, the issue argued by defendant was not preserved for appellate review by appropriate objection at trial. " ' "In order to be in a position to complain of the abridgement of the right of cross-examination, a party to a legal proceeding or his counsel must either ask the questions he desires to ask or state to the court what questions he desires to ask *and then interpose timely objection to the ruling of the court denying the right to propound the questions.* (Cits.)" ' " (Emphasis supplied.) *Bradford v. State,* 182 Ga. App. 337, 338 (5) (355 SE2d 735). See also *Willett v. State,* 223 Ga. App. 866, 874 (4) (479 SE2d 132); *Favors v. State,* 166 Ga. App. 764 (1) (305 SE2d 475). While defendant maintains that the alleged error was preserved by defense counsel's comments as quoted above, we do not agree since these remarks fail to state the grounds for any objection.

Furthermore, although defendant is entitled to a thorough and sifting cross-examination of a witness, the scope of such cross-examination is within the sound discretion of the trial court who may curtail inquiries which are not relevant or material. The trial court may curtail inquiries which are unduly repetitive or harassing and may exercise reasonable judgment in determining when a subject is exhausted. Such restrictions lie within the discretion of the trial court and will not be disturbed on appeal unless manifestly abused. *Duckworth v. State,* 223 Ga. App. 250, 252 (1) (477 SE2d 336). Here, defense counsel was allowed to delve in great detail into the circumstances related to the stop of the stolen vehicle, particularly with regard to Charles Collins' ability or lack thereof to observe who was driving. The record fails to show a manifest abuse of discretion.

2. In his remaining enumeration of error, defendant maintains that he was deprived of a speedy trial under the United States Constitution, the Georgia Constitution, and OCGA § 17-7-170. This enumeration is predicated on the denial of a motion for discharge and acquittal predicated solely upon OCGA § 17-7-170 and the failure to bring defendant to trial within appropriate intervals of time following purported demands for trial pursuant to the statute.

The first purported demand for trial relied upon by defendant was filed pro se on April 1, 1994, a time at which defendant was represented by counsel and which was prior to the handing down of the indictment of defendant. Either of these factors is sufficient to obviate the pro se demand for speedy trial.

A criminal defendant no longer has the right to represent himself and also be represented by an attorney. At the time the pro se demand for trial was filed, there was a pending request on the part of defendant's attorney to withdraw. Nonetheless, the attorney continued to represent defendant, and the withdrawal was not granted until a date subsequent to the filing of the pro se demand. As defendant was represented by counsel when he filed the pro se demand for trial that demand "was of no legal effect whatsoever." *Goodwin v. State*, 202 Ga. App. 655, 656 (415 SE2d 472).

Furthermore, the protection afforded by OCGA § 17-7-170 attaches with the formal indictment or accusation. *State v. Hicks*, 183 Ga. App. 715, 717 (359 SE2d 712). A demand for speedy trial filed before the indictment is returned is a nullity. *Grier v. State*, 198 Ga. App. 840, 841 (403 SE2d 857).

The remaining purported demand for speedy trial upon which defendant relies was filed on August 31, 1994, and sought a copy of indictment and a list of witnesses and requested that defendant "be tried by a jury and waives nothing." The text of such a demand for trial by jury has been held to not act as a speedy trial demand pursuant to OCGA § 17-7-170. *Boyd v. State*, 200 Ga. App. 591 (2) (409 SE2d 44).

Finally, defendant's arguments predicated on the United States and Georgia Constitutions are raised for the first time on appeal and were not preserved for appellate review by being argued in the first instance before the trial court. Issues raised for the first time on appeal will not be considered by this Court.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 16, 1998.

*Davis Cohen*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.