A99A0125. CHASTAIN v. THE STATE.
(516 SE2d 362)

RUFFIN, Judge.

A jury found Stephen Pepsi Chastain guilty of improper use of a probationary license and no proof of insurance, and the trial court sentenced him to six months. On appeal, Chastain contends the trial court erred in failing to grant his motion for discharge and acquittal. Because this contention lacks merit, we affirm.

We note initially that both Chastain and the State have violated Court of Appeals Rule 27 by failing to cite the record. "We have repeatedly held that it is not the function of this court to cull the record on behalf of a party." (Punctuation omitted.) *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997). However, because the record in this case is very short and the issue is narrow, we will exercise our discretion and resolve this appeal on its merits. Id.

We further note that both Chastain and the State attempt to supplement the record with attachments to briefs. "[P]arties cannot supplement the record merely by attaching matters to . . . their briefs." *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996). Accordingly, we have not taken into account any attachment to the brief of either party in reaching our decision.

By accusation filed August 22, 1997, the State accused Chastain

of improperly using his probationary driver's license and driving with no proof of insurance. On December 11, 1997, Chastain filed a "Demand for Trial," which stated: "Comes now, Stephen P. Chastain, and there being jurors duty [sic] sworn demands trial by jury." On August 21, 1998, Chastain moved for discharge and acquittal pursuant to OCGA § 17-7-170, which provides:

> (a) Any person against whom . . . an accusation is filed . . . may enter a demand for trial at the court term at which the . . . accusation is filed.
> (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the . . . accusation.

The trial court denied Chastain's motion on August 25, 1998. Chastain contends that the State failed to timely try him and he is therefore entitled to acquittal as a matter of law.

Contrary to Chastain's contention, he was not entitled to an acquittal since he never invoked his right to a speedy trial. "[A] demand for trial will not be considered sufficient to invoke the extreme sanction of . . . OCGA § 17-7-170 unless it is presented for what it is — a demand to be tried within the next succeeding term of court." (Punctuation omitted.) *Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762) (1984). "A written demand for a jury [trial] is not analogous to a demand for trial pursuant to OCGA § 17-7-170." (Punctuation omitted.) *Boyd v. State*, 200 Ga. App. 591 (2) (409 SE2d 44) (1991). Here, nothing in Chastain's written demand invokes OCGA § 17-7-170 or demands that he be tried during the current or next succeeding term of court. Rather, the demand simply documents Chastain's request to be tried by a jury. Accordingly, the trial court did not err in denying Chastain's motion for discharge and acquittal. *Boyd*, supra; *Daniels v. State*, 235 Ga. App. 296, 298 (2) (509 SE2d 368) (1998).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 13, 1999.

*Frank B. Perry*, for appellant.
*Herbert E. Franklin, Jr.*, District Attorney, *Melodie S. Bedford*, Assistant District Attorney, for appellee.