## A99A2500. THE STATE v. BLOODSWORTH.
(528 SE2d 285)

ELLINGTON, Judge.

The State appeals the trial court's grant of defendant Joseph Heath Bloodsworth's motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b). See OCGA § 5-7-1; *State v. Benton*, 246 Ga. 132 (269 SE2d 470) (1980). The trial court found that the State failed to timely try Bloodsworth following the filing of his demand for a speedy trial. Because Bloodsworth's demand was premature and a nullity, we reverse.

---

On August 11, 1998, a Gwinnett County police officer cited Bloodsworth for DUI and leaving the roadway. According to Bloodsworth's citations and the property bond sheet, he was notified to appear in the Gwinnett County Recorder's Court on October 6, 1998. There is no evidence, however, that the citations were actually filed with the clerk of that court because no file stamp from that court appears on them. On October 2, 1998, Bloodsworth filed in the recorder's court a demand for a jury trial and a waiver of arraignment. There is no evidence that Bloodsworth ever physically appeared in court. Because the Gwinnett County Recorder's Court does not impanel juries, the clerk of that court on October 5, 1998, advised Bloodsworth to disregard any pending court hearings scheduled and informed him that his case was transferred to the Gwinnett County State Court and that he would receive "notification from the Office of the State Court Solicitor."

On November 10, 1998, Bloodsworth, listing his citation numbers as accusation numbers, filed a demand for a speedy trial with the Gwinnett County State Court. Because neither the citations nor an accusation had been filed in the Gwinnett County State Court, the clerk of that court gave the demand a temporary file number, 98-D-5035-3. On January 15, 1999, the solicitor filed a three-count accusation against Bloodsworth, and the clerk assigned it accusation no. 99-D-0320-1. The clerk also on that date stamped as filed the citations. On March 5, 1999, Bloodsworth filed a motion to acquit pursuant to OCGA § 17-7-170 (b). Finding that the State failed to bring Bloodsworth to trial during the term in which the demand was made or at the next regularly succeeding term of court, the trial court granted Bloodsworth's motion and ordered him discharged and acquitted.

The State argues that Bloodsworth's demand was premature because it was filed before the solicitor filed the accusation and citations with the Gwinnett County State Court clerk.

Pursuant to OCGA § 17-7-170,

[a]ny person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or by special permission of the court, he may at any subsequent court term thereafter demand a trial. . . . If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

OCGA § 17-7-170 (a), (b); see also *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996). "It is well settled in Georgia law that the protection conferred by OCGA § 17-7-170 attaches with the formal indictment or accusation." (Punctuation omitted.) *Tyler v. State*, 224 Ga. App. 550, 551 (481 SE2d 228) (1997). The clock starts running on the time for the accused to make a speedy trial demand on the date an accusation or indictment is filed with the clerk of court. OCGA § 17-7-170 (a); *Parks v. State*, 239 Ga. App. 333, 334 (521 SE2d 370) (1999); *Jackson v. State*, 231 Ga. App. 187-188 (1) (498 SE2d 780) (1998). In cases involving traffic offenses, a uniform traffic citation may function as an accusation, without the necessity of filing an additional, formal accusation. OCGA § 40-13-1; *Hayek v. State*, 269 Ga. 728, 729 (2) (506 SE2d 372) (1998); *Smith v. State*, 207 Ga. App. 762, 763 (429 SE2d 149) (1993). Thus, "the statutory right to demand a speedy trial of a traffic offense in state court attaches when the uniform traffic citation is filed with the court." *State v. Gerbert*, 267 Ga. at 170; *Parks v. State*, 239 Ga. App. at 334; *Shire v. State*, 225 Ga. App. 306, 308-309 (1) (b) (483 SE2d 694) (1997).

The record reveals that Bloodsworth's demand was filed before the solicitor filed the accusation and before the citations were filed. Therefore, the demand is premature and a nullity. *State v. Gerbert*, 267 Ga. at 170; *Ellsworth v. State*, 232 Ga. App. 164, 165 (500 SE2d 642) (1998); *Millan v. State*, 231 Ga. App. 121-122 (497 SE2d 664) (1998); *Meservey v. State*, 230 Ga. App. 382, 383 (496 SE2d 518) (1998). A premature demand is not resuscitated when the formal accusation or citation is filed. *Meservey v. State*, 230 Ga. App. at 383. Because the demand was a nullity, the trial court erred in granting Bloodsworth's motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b).

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 18, 2000.

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor*, for appellant.

*Raymond J. O'Reilly*, for appellee.