## A02A1551. STINSON v. THE STATE.
(569 SE2d 858)

PHIPPS, Judge.

Following remand in *State v. Stinson*,[1] James Stinson was tried and convicted of one count of aggravated sexual battery and four counts of sexual battery. In this appeal of his convictions, he complains of certain of the trial court's evidentiary rulings and jury instructions. We find no error and affirm.

State's evidence showed that in the early morning hours of February 14, 1998, the complaining witness, K. D., was sitting in a car in the parking lot of a supermarket. She was there with a man with whom she had previously worked and had an affair. Stinson, a uniformed Gwinnett County police officer, appeared on the scene and decided to investigate. After discovering that K. D.'s driver's license had been suspended, Stinson instructed her male companion to leave. While detaining K. D., Stinson sexually battered her in various

---

[5] *Guild v. State*, 236 Ga. App. 444, 445 (2) (512 SE2d 343) (1999).
[6] *Arnold v. State*, 236 Ga. App. 380, 382 (2) (511 SE2d 219) (1999).
[1] 244 Ga. App. 622 (536 SE2d 293) (2000) (reversing trial court's grant of Stinson's motion to suppress his pretrial statements to police).

ways and forced her to perform oral sex. Following this incident, K. D. and her husband divorced. Stinson's defense was that his sexual contact with K. D. was consensual.

1. Stinson charges the trial court with error in refusing to admit pleadings in a civil action by K. D. against him, his chief of police, and Gwinnett County arising from the subject incident.

Although K. D. dismissed her action prior to trial,[2] Stinson argues that the county's answer should have been admitted because in it the county denied that Stinson committed the acts giving rise to this prosecution. According to Stinson, the State is, therefore, judicially estopped from taking a contrary position in this proceeding. There is no merit in this argument.

"The federal doctrine of judicial estoppel 'precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding.' "[3] In the prior civil case, however, K. D. sued Gwinnett County. This is a prosecution by the State of Georgia against Stinson. The State could not have asserted an inconsistent position in the prior proceeding, because it was not a party to it. Moreover, the defense of estoppel is unavailable against the State where its application would thwart a strong public policy,[4] such as enforcement of the criminal law. For these reasons, the county's denial of the allegations of K. D.'s civil complaint in no way estops the State from bringing these criminal charges. In addition, the court allowed Stinson to elicit testimony concerning the county's answer to K. D.'s civil complaint, and defense counsel was permitted to comment on its contents during closing argument. The court merely ruled that the complaint could not go out with the jury. We find neither harm nor error.

2. Stinson contends that the trial court erred in refusing to admit K. D.'s petition for divorce. Stinson argues that statements in the divorce petition contradicted K. D.'s trial testimony. We find no contradiction.

3. Stinson complains of the trial court's refusal to instruct the jury on impeachment by proof of general bad character.

"A witness may be impeached by evidence as to his general bad character. The impeaching witness should first be questioned as to his knowledge of the general character of the witness, next as to what that character is, and lastly he may be asked if from that character he would believe him on his oath."[5] In this case, neither the

---

[2] Compare *Chancellor v. State*, 165 Ga. App. 365, 372 (23) (301 SE2d 294) (1983).

[3] (Footnote omitted.) *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001).

[4] *State Soil & Water Conservation Comm. v. Stricklett*, 252 Ga. App. 430, 435 (2) (555 SE2d 800) (2001).

[5] OCGA § 24-9-84.

State nor Stinson used this mode of impeachment at trial. Instead, Stinson sought to impeach K. D. based on prior contradictory statements. The court charged the jury on that method of impeachment. The court did not err in refusing to charge the jury on the method of impeachment set forth in the requested charge.

4. Stinson contends that the court erred in refusing to charge the jury on OCGA § 24-9-68: "The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury."

Stinson argues that this charge should have been given because of the civil lawsuit K. D. filed against him and the county. But, as previously noted, K. D. dismissed that suit. Moreover, the court charged the jury that in passing upon credibility of witnesses, it could consider their interest or lack of interest in the occurrences about which they testified. That was the applicable legal principle here. The court did not err in refusing to give the requested charge.

5. Contrary to argument advanced by Stinson in his final claim of error, the court did not err in refusing to instruct the jury that it should consider K. D.'s character in determining whether the sexual contact with him was consensual or against her will.

As authority in support of this request to charge, Stinson relied on the rape shield statute.[6] That statute, however, is not directly applicable to sexual offenses such as sexual battery or aggravated sexual battery.[7] Moreover, even if it were directly applicable, it precludes admission of evidence concerning the complaining witness's past sexual behavior unless, among other things, that behavior involved the participation of the accused.[8] Here, there is no evidence of any past sexual behavior between Stinson and K. D. The court did not err in refusing to give this request to charge, as it was not supported by any legal authority.[9]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 30, 2002 —
RECONSIDERATION DENIED AUGUST 8, 2002 ▮

*Chandler & Britt, Walter M. Britt, Deborah F. Weiss*, for appellant.

---

[6] OCGA § 24-2-3.
[7] See *Mobley v. State*, 212 Ga. App. 293, 294 (1) (441 SE2d 780) (1994).
[8] OCGA § 24-2-3 (b).
[9] See *Woityra v. State*, 213 Ga. App. 89 (1) (443 SE2d 867) (1994).

*Daniel J. Porter,* District Attorney, *George F. Hutchinson III, Assistant District Attorney,* for appellee.