## A03A1534. BROWN v. THE STATE.
(589 SE2d 830)

PHIPPS, Judge.

George Brown appeals his conviction for violation of the Georgia Controlled Substances Act. He claims that he was deprived of his right to a speedy trial and that all charges against him should have been dismissed. Because Brown's demand for speedy trial was filed pro se while he was represented by counsel and because it was filed before the indictment was returned against him, it was of no legal effect. Thus, we affirm.

On January 23, 2002, Brown filed a pro se "Demand by Accused for Speedy Trial." At the time, he was represented by counsel. On March 6, 2002, Brown was indicted. At a hearing on May 9, 2002, Brown dismissed his attorney and began representing himself. During the May 9 hearing, Brown's former attorney and the court informed him that he would need to refile the pro se motions he had filed while he was still represented by counsel. Brown responded that he would refile those motions, but the record does not reflect that he did so.

Brown claims that his conviction should be reversed because the state failed to comply with OCGA § 17-7-170 by failing to bring him to trial within the time required after he filed his demand for speedy trial. His claim lacks merit for two reasons.

First, "[a] criminal defendant no longer has the right to represent himself and also be represented by an attorney."[1] Because Brown was represented by counsel when he filed his pro se demand

[1] *Daniels v. State*, 235 Ga. App. 296, 298 (2) (509 SE2d 368) (1998).

for speedy trial, the demand "was of no legal effect whatsoever."[2] And because Brown never filed another demand for speedy trial after he dismissed his counsel, the state had no obligation to comply with the provisions of OCGA § 17-7-170.

Second, the protections afforded a defendant by OCGA § 17-7-170 do not attach until a defendant is formally indicted or accused.[3] Brown filed his speedy trial demand before he was indicted. "A demand for speedy trial filed before the indictment is returned is a nullity."[4]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 23, 2003 —
RECONSIDERATION DENIED NOVEMBER 6, 2003 —

George A. Brown, *pro se*.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.

---

[2] (Citation and punctuation omitted.) Id.
[3] Id.
[4] (Citation omitted.) Id.