A03A0995. ROBERTS v. THE STATE.
(588 SE2d 242)

RUFFIN, Presiding Judge.

James Earl Roberts appeals from the trial court's order denying his motion for discharge and acquittal based on the speedy trial provisions in OCGA § 17-7-170. For reasons that follow, we affirm.

The record shows that, on or about May 17, 2001, the State arrested Roberts for child molestation and other sexual offenses. Roberts appeared in the municipal court for a preliminary hearing on June 28, 2001. Before the hearing began, however, the prosecutor announced that the grand jury had indicted Roberts. The prosecutor further noted that, given the indictment, Roberts was no longer enti-

tled to a preliminary hearing, and the municipal court judge adjourned the proceedings.[1]

Later that day, Roberts filed a demand for speedy trial in the superior court. The State subsequently moved to deny or dismiss the demand, asserting that it was not timely filed. In an order dated September 20, 2001, the trial court agreed. It found that, despite the State's representation at the preliminary hearing, Roberts was not actually indicted until June 29, 2001, when the grand jury returned a 23-count indictment charging Roberts with child molestation and aggravated child molestation. The trial court thus concluded that Roberts' speedy trial demand, filed June 28, 2001, was premature and untimely.

Despite this ruling, Roberts moved for acquittal on speedy trial grounds. The trial court denied the motion in an order dated October 8, 2002, again finding that Roberts prematurely demanded a speedy trial. Roberts filed a timely notice of appeal from that order.

1. The State has moved to dismiss, asserting that we do not have appellate jurisdiction. Specifically, it argues that the trial court originally denied Roberts' motion for discharge and acquittal in its September 20, 2001 order and that Roberts failed to appeal that denial within 30 days. It further claims that Roberts' subsequent motion for discharge and acquittal should be viewed as a request for reconsideration, which does not toll the time for filing a notice of appeal.[2]

We disagree. The trial court's September 20, 2001 order relates to the State's motion to dismiss the speedy trial demand, not to Roberts' motion for discharge and acquittal. In fact, it does not appear that Roberts had moved for an acquittal when the trial court first deemed his demand invalid. Despite the State's claim, therefore, Roberts' subsequent motion for discharge and acquittal need not be viewed as a motion for reconsideration. Rather, it was a separate motion, producing a distinct ruling from which Roberts timely appealed. Accordingly, the State's motion to dismiss is denied.

2. Nevertheless, we find that the trial court properly denied Roberts' motion for discharge and acquittal. " 'It is well settled in Georgia law that the protection conferred by OCGA § 17-7-170 attaches with the formal indictment or accusation.' "[3] The time for demanding a speedy trial under this provision begins when the accusation or

---

[1] See *State v. Middlebrooks*, 236 Ga. 52, 55 (2) (222 SE2d 343) (1976) ("[A] preliminary hearing is not a required step in a felony prosecution and . . . once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing."); *McClarity v. State*, 234 Ga. App. 348, 351 (3) (a) (506 SE2d 392) (1998).

[2] See *Blackwell v. Sutton*, 261 Ga. 284 (404 SE2d 114) (1991).

[3] *State v. Bloodsworth*, 241 Ga. App. 840, 842 (528 SE2d 285) (2000).

indictment is filed with the clerk of court.[4] A demand filed before that time "is premature and a nullity."[5]

Without dispute, Roberts filed his speedy trial demand the day *before* the grand jury indicted him. It is, therefore, premature. He argues on appeal, however, that the State should be judicially estopped from relying on the actual indictment date because it represented in municipal court that the grand jury returned an indictment on June 28, 2001. According to Roberts, the State intentionally and maliciously misrepresented the status of the grand jury proceedings to deprive him of his right to a preliminary hearing.[6] In essence, he contends that we should view this case as indicted at the time of the June 28, 2001 hearing, before he filed his speedy trial demand.

Nothing in OCGA § 17-7-170 supports such a result. The statute permits a demand for speedy trial only after an accusation or indictment is filed with the clerk of court. The legislature did not authorize an earlier filing based on representations from the prosecutor.[7] Furthermore, the doctrine of judicial estoppel cannot alter the indictment date. That defense "is unavailable against the State where its application would thwart a strong public policy, such as enforcement of the criminal law."[8] An estoppel in this case would certainly undermine criminal law enforcement.

As we have noted, "[t]he dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute."[9] Given Roberts' premature speedy trial demand, the trial court properly denied his motion for discharge and acquittal.[10]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 4, 2003 —
RECONSIDERATION DENIED OCTOBER 2, 2003 — ■

*Brian Steel,* for appellant.

---

[4] See id.

[5] Id.; see also *Daniels v. State*, 235 Ga. App. 296, 298 (2) (509 SE2d 368) (1998); OCGA § 17-7-170 (a).

[6] We note that, although the trial court denied Roberts' speedy trial motion, it quashed the indictment after concluding that the State improperly deprived him of his preliminary hearing on June 28, 2001.

[7] See *Carswell v. State*, 251 Ga. App. 733, 734 (1) (b) (555 SE2d 124) (2001) (in interpreting a statute, " 'we must look for the legislative intent . . . [and] give words their ordinary and literal meaning' ").

[8] (Footnote omitted.) *Stinson v. State*, 256 Ga. App. 902, 903 (1) (569 SE2d 858) (2002); see also *State Soil & Water Conservation Comm. v. Stricklett*, 252 Ga. App. 430, 435 (2) (555 SE2d 800) (2001) ("In general, equitable defenses are unavailable against the state where their application would thwart a strong public policy.").

[9] (Punctuation omitted.) *Grier v. State*, 198 Ga. App. 840, 841 (1) (403 SE2d 857) (1991).

[10] See *Bloodsworth*, supra; *Daniels*, supra.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.