S04A1717. THOMPSON v. STINSON.

(611 SE2d 29)

HINES, Justice.

Warden Thompson appeals from the grant of a writ of habeas corpus to prisoner James Terry Stinson. For the reasons that follow, we reverse.

Stinson was convicted of one count of aggravated sodomy and four counts of sexual battery. His conviction was affirmed in Stinson v. State, 256 Ga. App. 902 (569 SE2d 858) (2002). Through new counsel, Stinson filed an extraordinary motion for new trial. The trial court denied the motion, and the Court of Appeals denied his application for discretionary appeal to review the trial court's denial order. Stinson petitioned this Court for a writ of certiorari to the Court of Appeals, which was also denied.

Thereafter, Stinson filed a petition for a writ of habeas corpus in the Superior Court of Muscogee County. In its findings of facts, the habeas court recited that Stinson's extraordinary motion for new trial raised the grounds that: the element of force had not been proved as to the aggravated sodomy charge; the trial court gave an erroneous instruction to the jury on force and consent; and Stinson's trial counsel had an undisclosed conflict of interest that affected the outcome of Stinson's trial. The habeas court then recited that Stinson's petition for habeas corpus was based on the same three grounds. Despite these recitations, the habeas court concluded that "[t]his habeas proceeding is not procedurally barred," and granted the petition. This was error.

> The writ of habeas corpus is not to be used as a means of obtaining a second appeal. [Cit.] After review by an appellate court, the same issues will not be reviewed on habeas corpus. [Cit.] The appellate courts exist to review appeals. It is not the function of state habeas corpus courts to review issues already decided by an appellate court. . . .

Brown v. Ricketts, 233 Ga. 809, 811 (1) (213 SE2d 672) (1975). As the

issues Stinson raised in his petition for habeas corpus have already been presented to the trial court, where relief was denied, and as Stinson has already had his appeal of that decision rejected by the appellate courts in the manner provided by law, see OCGA §§ 5-6-35 (a) (7); 5-6-15, the habeas court should have dismissed the petition as procedurally barred. *Brown*, supra.

However, Stinson argues that no procedural bar should apply because he is "actually innocent" as there was no evidence to support the element of force required to convict him for aggravated sodomy, see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and therefore it would be a "miscarriage of justice" to apply procedural bar. See *Head v. Stripling*, 277 Ga. 403, 409-410 (2) (590 SE2d 122) (2003). Nonetheless, even if that exception to the procedural bar rule is applied, it does not warrant the relief Stinson sought in the habeas court; the victim testified that she submitted to Stinson's desires because she believed that if she did not, he would physically hurt her, which, in the context of Stinson's words and actions, constituted a reasonable fear. See *Brewer v. State*, 271 Ga. 605, 607-608 (2) (523 SE2d 18) (1999).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 28, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.
*McNeill Stokes*, for appellee.