A08A1289. CAMPBELL v. THE STATE.
(669 SE2d 190)

JOHNSON, Presiding Judge.

LeVaughn Kelly Campbell appeals from the trial court's order denying his motion for discharge and acquittal on statutory speedy trial grounds.[1] Finding no error, we affirm.

---

[1] The trial court also denied Campbell's motion to acquit based on constitutional speedy trial grounds, but that ruling is not at issue in this appeal.

The record shows that the police arrested Campbell on July 3, 2007, for several offenses, including possession of marijuana and another controlled substance known as "MDMA." The following day, the state filed a "Complaint" listing the charges, and Campbell was released on bond. According to the prosecutor, Campbell next appeared for a preliminary hearing on July 18, 2007. The prosecutor informed Campbell's attorney that no formal accusation or indictment would be filed until the state received the results from drug tests conducted in the case. Five days later, Campbell filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170.

The state received the drug test results in August. Based on those results, the state obtained an indictment in October 2007 charging Campbell with possessing MDMA and marijuana, although it reduced the marijuana charge to a misdemeanor based on the amount of marijuana possessed. The trial court subsequently set the case for trial beginning in December 2007.

A few days before trial, Campbell moved for discharge and acquittal, asserting that the state failed to comply with the statutory speedy trial requirement. Following a hearing, the trial court determined that Campbell's speedy trial demand was invalid and denied the motion. This appeal followed.

Under OCGA § 17-7-170 (a), any noncapital defendant "against whom a true bill of indictment or an accusation is filed with the clerk . . . may enter a demand for speedy trial." The speedy trial protection, however, does not attach until formal indictment or accusation.[2] "The clock starts running on the time for the accused to make a speedy trial demand on the date an accusation or indictment is filed with the clerk of court."[3] A demand filed before that date "is premature and a nullity."[4]

The record shows that Campbell filed his speedy trial demand on July 23, 2007, several months *before* his indictment. Nevertheless, he argues the demand was timely because the "Complaint" filed by the state on July 4, 2007, constituted an accusation. We disagree.

In felony drug cases brought under OCGA § 16-13-30, the state may elect to prosecute the defendant by accusation, rather than indictment, if the superior court finds probable cause during a commitment hearing or the defendant waives such a hearing.[5] By posting bond following his arrest, Campbell waived his right to a

---

[2] *State v. Bloodsworth*, 241 Ga. App. 840, 842 (528 SE2d 285) (2000).

[3] (Citations omitted.) Id.

[4] (Citations omitted.) Id.

[5] See OCGA §§ 17-7-70 (a); 17-7-70.1 (a.1).

commitment hearing.[6] The state, therefore, *could have* chosen to proceed by accusation. But it did not do so.

We recognize that the "Complaint" filed after Campbell's arrest was signed by the district attorney and contains wording similar to the statutory language required in an accusation.[7] The prosecutor explained, however, that a complaint is not a charging instrument. It is a procedural mechanism used to notify the court clerk to place a case on the magistrate judge calendar for a bond hearing. At that point, the case has a "CP" number associated with the complaint. Once the case is indicted or accused, it receives an "SC" number that remains with it throughout the proceedings. According to the prosecutor, a "complaint is never seen again after the first appearance."

Campbell has not cited a single document demonstrating that he was arraigned or entered a formal plea to the "Complaint." And he does not dispute that the prosecutor told his attorney a few days before he filed his speedy trial demand that the state intended to wait on the lab test results before seeking an indictment or filing an accusation. Simply put, nothing indicates that the state elected to proceed by accusation when it filed the "Complaint." The prosecutor merely followed the standard procedure for triggering a bond hearing.

As discussed above, "only a person who has been indicted or otherwise formally charged with a crime can invoke the rights afforded by OCGA § 17-7-170."[8] While nomenclature alone does not control our determination here,[9] we cannot ignore that the document relied upon by Campbell is designated a "Complaint," rather than an accusation. Moreover, the record shows that the prosecution did not proceed on the "Complaint." Instead, the state responsibly waited until it received the lab test results and confirmed the quantity of drugs involved before formally charging Campbell by indictment. Given these circumstances, the "Complaint" cannot be viewed as an accusation. To hold otherwise would allow Campbell to usurp the state's power to decide when and how to bring its case.[10]

---

[6] *McNair v. State*, 240 Ga. App. 324, 325 (1) (523 SE2d 392) (1999).

[7] See OCGA § 17-7-71 (d).

[8] *State v. Hicks*, 183 Ga. App. 715, 716 (359 SE2d 712) (1987).

[9] See *State v. Blackwell*, 245 Ga. App. 135, 137 (2) (a), n. 9 (537 SE2d 457) (2000) ("[T]here is no magic in mere nomenclature, and the inquiry of the Court is always directed to substance and not to form.") (citation and punctuation omitted).

[10] See *Lagyak v. State*, 245 Ga. App. 546, 548 (538 SE2d 467) (2000) (defendant may not manipulate system to avoid prosecution on speedy trial grounds); *Shire v. State*, 225 Ga. App. 306, 308 (1) (a) (483 SE2d 694) (1997) (prosecutor has discretion to determine "whether a prosecution should proceed and when within the law it should do so") (citation and punctuation omitted).

Campbell's statutory speedy trial demand, filed over two months before his indictment, was premature and a nullity.[11] Accordingly, the trial court properly denied his motion for discharge and acquittal.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2008 — 

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Ramona T. Sakhanokho, Stephany J. Luttrell, Assistant District Attorneys*, for appellee.

---

[11] See *Bloodsworth*, supra at 842; *Merrill v. State*, 201 Ga. App. 247, 248 (411 SE2d 283) (1991) ("The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with this statute.") (citation omitted).