### A10A2280. ABERCROMBIE v. THE STATE.
(704 SE2d 483)

JOHNSON, Judge.

After a jury trial, Rodney Abercrombie was convicted of kidnapping, rape, aggravated assault and two counts of cruelty to children.

---

Abercrombie appeals, challenging a portion of the jury charge on the offense of rape and a ruling as to the cross-examination of a witness. The challenges are without merit, and we therefore affirm the convictions.

1. Abercrombie claims that the trial court, in charging the jury on the offense of rape, erroneously included a portion of the suggested pattern jury instructions which provided that, "[i]n cases of incapacity to consent, the element of force is automatically supplied by law." Abercrombie argues that this portion of the charge created an impermissible mandatory presumption as to the element of force.[1] However, even if we assume for purposes of this appeal that the charge created an impermissible presumption, such an "instruction is harmless so long as the instruction was applied to an element of the crime that was not at issue in the trial, and if the evidence of guilt is overwhelming."[2]

In this case, the evidence of Abercrombie's guilt is overwhelming. As fully recounted in a prior decision from this court affirming the convictions of co-defendant Clarence Cole, the evidence shows that Abercrombie and Cole forced the 15-year-old victim into their car, made her drink alcohol, drove her and her cousin to a secluded area, and sexually assaulted her.[3] Among other things, the cousin testified that he saw Abercrombie on top of the victim with his penis in her vagina, and that she was begging him not to hurt her.[4] There was also medical evidence establishing that, after the attack, the victim's jaw was swollen, and she had bruises on her neck, arms, legs, chest and near her vagina.[5]

Furthermore, the element of force was not at issue in the trial. Abercrombie and Cole did not raise a defense that the sexual intercourse was consensual, and instead asserted a defense of noninvolvement in the alleged crime. Cole did not testify, while Abercrombie claimed that he was home at the time of the incident, and that "the first time he met [the victim] was when she and [her cousin] awoke him the next morning at 6:00 a.m. and said they were 'just out goofing off.' "[6] Because the evidence of guilt was overwhelming and because the defense of noninvolvement in the crime did not place the element of force in issue, the alleged error in the

[1] See *Sandstrom v. Montana*, 442 U. S. 510, 522 (III) (99 SC 2450, 61 LE2d 39) (1979).

[2] (Citations and punctuation omitted.) *Mohamed v. State*, 276 Ga. 706, 708-709 (1) (583 SE2d 9) (2003).

[3] *Cole v. State*, 279 Ga. App. 219, 219-221 (1) (630 SE2d 817) (2006).

[4] Id. at 220 (1).

[5] Id. at 220-221 (1).

[6] Id. at 221 (1).

charge was harmless.[7]

2. After the victim's cousin testified for the state, Abercrombie's trial counsel thoroughly cross-examined him, followed by another lengthy cross-examination by counsel for the co-defendant. Thereafter, Abercrombie's attorney indicated that he wanted to question the witness further, but he did not specify any questions that he wished to ask. The trial court refused to allow any further questioning. Abercrombie complains that this ruling improperly limited his right to cross-examine the witness. However,

> [i]n order to be in a position to complain of the abridgement of the right of cross-examination, a party to a legal proceeding or his counsel must either ask the questions he desires to ask or state to the court what questions he desires to ask and then interpose timely objection to the ruling of the court denying the right to propound the questions.[8]

In this case, because neither Abercrombie nor his attorney asked the desired questions or stated to the court precisely what further questions they wished to pose, the issue was not preserved and there is nothing for us to review.[9]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

## DECIDED DECEMBER 9, 2010.

*Jeffrey L. Floyd*, for appellant.

*Joe W. Hendricks, Jr., District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.

---

[7] See *Bridges v. State*, 268 Ga. 700, 706-707 (2) (f) (492 SE2d 877) (1997); *Stover v. State*, 293 Ga. App. 210, 214 (1) (666 SE2d 602) (2008).

[8] (Citations and punctuation omitted.) *Bradford v. State*, 182 Ga. App. 337, 338 (5) (355 SE2d 735) (1987).

[9] See *Morris v. State*, 239 Ga. App. 100, 103 (4) (520 SE2d 485) (1999); *Daniels v. State*, 235 Ga. App. 296, 297 (1) (509 SE2d 368) (1998).