S04G0219. ROBERTS v. THE STATE.
(604 SE2d 781)

BENHAM, Justice.

We granted James Earl Roberts's petition for a writ of certiorari to the Court of Appeals to determine whether the doctrine of judicial estoppel was applicable in criminal cases and, if it were, whether it

could be successfully invoked against the State in this case. We conclude judicial estoppel is not applicable in criminal cases. Accordingly, we affirm the judgment of the Court of Appeals.

Roberts filed a direct appeal to the Court of Appeals from the trial court's denial of Roberts's motion for discharge and acquittal based on Georgia's statutory speedy trial provision, OCGA § 17-7-170. The trial court denied the motion after finding that Roberts's demand for trial had been filed the day before he was indicted and was therefore fatally premature. See *Majia v. State*, 174 Ga. App. 432, 433 (1) (330 SE2d 171) (1985) ("[A] demand for speedy trial pursuant to . . . OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred."); *Day v. State*, 187 Ga. App. 175, 176 (2) (369 SE2d 796) (1988) (a premature demand for trial "is a nullity"). Roberts contended his motion for discharge and acquittal should be granted despite the prematurity of his demand for trial because he had filed the demand the day the prosecuting attorney announced at Roberts's preliminary hearing that the hearing, required in the absence of an indictment, was no longer needed because Roberts had been indicted. On the same day the prosecution announced Roberts had been indicted, defense counsel filed the demand for trial even though no bill of indictment returned against Roberts could be located in the superior court clerk's office. No indictment could be found because the true bill was not returned until the day following the prosecutor's announcement that Roberts had been indicted.

When the trial court denied the motion for discharge and acquittal because the statutory demand was null and void due to its prematurity, Roberts invoked the doctrine of judicial estoppel, asserting that the State should be estopped from relying on the actual date of indictment in light of the prosecutor's statement in open court that Roberts had been indicted the day the demand for trial was filed. The trial court denied the motion for discharge and acquittal, but quashed the indictment returned against Roberts since he had not received the preliminary hearing to which he had been statutorily entitled. The Court of Appeals affirmed the trial court's denial of the motion for discharge and acquittal, declining to apply the doctrine of judicial estoppel on the ground that it was an equitable defense " 'unavailable against the State where its application would thwart a strong public policy, such as [the] enforcement of criminal law.' *Stinson v. State*, 256 Ga. App. 902, 903 (1) (569 SE2d 858) (2002)." *Roberts v. State*, 263 Ga. App. 472, 474 (2) (588 SE2d 242) (2003). We granted the petition for a writ of certiorari.

The rule known as judicial estoppel was described by the United States Supreme Court in *New Hampshire v. Maine*, 532 U. S. 742, 749 (121 SC 1808, 149 LE2d 968) (2001), thusly: " 'Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining

that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.' [Cit.]" The purpose of judicial estoppel is " 'to protect the integrity of the judicial process,' [cit.], by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.' [Cits.]" Id., 532 U. S. at 749-750. Because it is "intended to prevent 'improper use of judicial machinery,' [cit.], judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.' [Cit.]" Id., 532 U. S. at 750. See also *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 275 Ga. 765, 766 (573 SE2d 58) (2002).[1] It is a common-law doctrine (*United States v. McCaskey*, 9 F3d 368, 378 (5th Cir. 1993)), and there is no indication it is constitutionally mandated. *Nichols v. Scott*, 69 F3d 1255, 1272 (5th Cir. 1995).

State and federal appellate courts throughout the United States vary in the degree to which they endorse application of judicial estoppel in criminal cases. Compare *State v. Towery*, 186 Ariz. 168, 182 (920 P2d 290, 304) (1996) ("Judicial estoppel is no less applicable in a criminal than in a civil trial."); *Smith v. State*, 765 NE2d 578 (Ind. 2002) (judicial estoppel has not been successfully applied against the prosecution in a criminal case due to the unique status of the government as a litigant); *Whitacre Partnership v. Biosignia*, 358 N.C. 1, 30 (591 SE2d 870, 889) (2004) (application of judicial estoppel limited to civil proceedings); *State v. Abbott*, 64 N.J. Super. 191, 203 (165 A2d 537, 543) (1960), rev'd on other grounds, 36 N.J. 63 (174 A2d 881) (1961) (application of judicial estoppel against the State is particularly inappropriate in criminal prosecutions "where the welfare and safety of the community are the paramount considerations"). See also Winbush, *Judicial Estoppel in Criminal Prosecution*, 121 ALR5th 551 (2004).

After reviewing the various positions by appellate courts throughout the country and recognizing that the U. S. Supreme Court's decision in *New Hampshire v. Maine* did not address the applicability of the doctrine in criminal proceedings,[2] we conclude that the recent decision of the Supreme Court of North Carolina in *Whitacre Partnership v. Biosignia,* supra, 591 SE2d 870, most closely gives voice to our view that judicial estoppel should not be applied in criminal

---

[1] Judicial estoppel is commonly used in civil actions to preclude a bankruptcy debtor from pursuing a damages claim he failed to include among his assets in his petition seeking bankruptcy relief. *Period Homes v. Wallick*, 275 Ga. 486 (2) (569 SE2d 502) (2002).

[2] While the U. S. Supreme Court cited three cases arising from criminal convictions, in none of them was judicial estoppel applied against the defendant. It appears the Court cited the cases for their discussion of judicial estoppel rather than their application of the doctrine. *Whitacre Partnership v. Biosignia*, supra, 591 SE2d at 889.

proceedings against either the State or the defendant. It should not be applied against the State because, as was stated by the U. S. Supreme Court in *Heckler v. Community Health Svcs. of Crawford County*, 467 U. S. 51, 60 (104 SC 2218, 81 LE2d 42) (1984), "[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant." Judicial estoppel should not be applied against the defendant in a criminal action because justice would not be served by holding a criminal defendant to his prior false statements, thereby assigning

> a higher value to the "sanctity of the oath" than to the guilt or innocence of the accused. . . . "[T]he judicial process can more easily survive a rule that precludes the use of judicial estoppel to keep intact convictions of innocent persons than it can a rule that purports to preserve judicial sacrosanctity by leaving wrongful convictions in place as a sanction for lying." [Cit.]

*Whitacre Partnership v. Biosignia*, supra, 591 SE2d at 890. In most cases, there are options other than the invocation of judicial estoppel to keep a criminal defendant from successfully asserting a position contrary to one previously taken. See *Gantt v. State*, 263 Ga. App. 102 (1) (587 SE2d 255) (2003), where judicial estoppel was only one of three rationales used to uphold the trial court's decision.

Inasmuch as the case at bar is a criminal prosecution, application of the doctrine of judicial estoppel is inappropriate. Accordingly, we affirm the judgment of the Court of Appeals holding that the trial court did not err when it failed to apply judicial estoppel in the case at bar.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 2004.

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.