**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A1639. SMITH v. THE STATE.                                    DO-059 C

DOYLE, Presiding Judge.

Following his conviction for possession of methamphetamine[1] and marijuana,[2] Richard Lamar Smith appeals from the denial of his motion for new trial, contending that (1) the evidence was insufficient to support the verdict, and (2) the trial court erred by allowing the State to impeach him with evidence of a prior felony without the proper legal showing. Discerning no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of

---

[1] OCGA § 16-13-30 (a).

[2] OCGA §§ 16-13-30 (j); 16-13-2 (b) (misdemeanor possession of marijuana).

innocence."[3] So viewed, the evidence shows that a team of police officers arrived at a mobile home complex to locate a woman who had given a false name in a drug investigation the prior evening. The officers arrived at the address and encountered Levy Lavengood standing in the driveway. The officers explained to Lavengood why they were there, and Lavengood gave them permission to search his residence for the woman and for illegal drugs.

The team entered the mobile home, and an officer entered the first bedroom where he encountered Smith sitting clothed on a corner of the bed and a young woman awake in the bed. The officer noticed that Smith's legs were spread apart, and the bed skirt had been pushed up and tucked in between the mattress and box spring directly underneath Smith. The officer ascertained that the woman was clothed and asked the two to leave the room, which they did. The officer then lifted up the mattress "to make sure there wasn't a loaded weapon in between there that might have been shoved by Mr. Smith." Upon doing so, the officer discovered a small clear plastic bag containing suspected marijuana and a breath mint tin containing suspected methamphetamine. Smith was placed under arrest and searched, revealing a set of digital scales in his pocket. The suspected contraband was later tested and

---

[3] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

confirmed to be marijuana and methamphetamine. There was "possible residue" of drugs on the scales, but that substance was not tested.

Smith was indicted for possession of methamphetamine (felony) and possession of marijuana (misdemeanor). Following a jury trial, he was convicted, and his motion for new trial was denied. Smith now appeals.

1. Smith contends that the evidence was insufficient to support the guilty verdict. Specifically, he argues that there is no evidence that he actually possessed the drugs, and the State failed to show that he constructively possessed the drugs. We disagree.

> This Court determines the issue of evidentiary sufficiency under the standard of review set out in *Jackson v. Virginia*.[4] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in

---

[4] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

3

actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it . . . A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where, as here, the contraband is hidden. And evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction. [Finally,] When the State's constructive possession case is based wholly on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other *reasonable* hypothesis save that of the guilt of the accused.[5]

Here, there is uncontroverted evidence that the contraband was found in Smith's immediate presence, stuffed under the mattress directly underneath where he sat, with the bed skirt messily pushed up as though it was done in a hurry. Upon being handcuffed, Smith spontaneously denied that he had any drugs on his person despite not yet being searched. Smith testified at trial that the woman in the bed was pregnant at the time, and she did not use drugs. Further, Smith possessed a pocket sized set of digital scales with something that looked like drug residue on them at the time of his arrest. Although Smith testified that the digital scales were for the purpose of

_____

[5] (Citations and punctuation omitted; emphasis in original and supplied.) *Copeland v. State*, 327 Ga. App. 520, 522-523 (1) (759 SE2d 593) (2014). See also OCGA § 24-14-6.

weighing scrap jewelry he occasionally sold to metal dealers, it was for the jury to decide whether this was a reasonable hypothesis of innocence.[6] "A jury could infer that [Smith] was lying and that his lies evidenced guilty knowledge. While the evidence here is circumstantial, it need not exclude every conceivable inference or hypothesis, but merely those that are reasonable."[7] Based on the record before us – including Smith's statements, the location of the drugs and their apparently hurried concealment, and Smith's possession of the digital scales – we conclude that the evidence sufficed to support the jury's finding that Smith possessed the drugs found under the mattress.[8]

---

[6] See *Sabb v. State*, 317 Ga. App. 537, 540 (731 SE2d 399) (2012) ("questions of reasonableness are generally decided by the jury. As long as there is slight evidence of access, power, and intention to exercise control or dominion over the contraband, the question of fact regarding constructive possession remains within the domain of the trier of fact.")

[7] (Citation omitted.) *Vega v. State*, 321 Ga. App. 682, 684 (742 SE2d 499) 2013).

[8] See *Jackson v. State*, 281 Ga. App. 83, 85 (1) (635 SE2d 372) (2006) ("It is well established that where drugs are found in the immediate presence of a defendant, the jury is authorized to find that the defendant is in constructive possession of the drugs."); *Washington v. State*, 251 Ga. App. 206, 208 (1) (553 SE2d 855) (2001) ("It is true that spatial proximity alone, or mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction. But where drugs are found in the immediate presence of the defendant, the jury is authorized to find they are in the constructive possession of the

2. During trial, before Smith testified, the trial court held a hearing on the admissibility of a prior guilty plea to burglary in March 2004, which was fewer than ten years prior to the October 2013 trial.[9] The trial court admitted evidence of the guilty plea for general impeachment purposes, and Smith now argues that the trial court erred by failing to make the required findings.

OCGA § 24-6-609 (a) (1)[10] provides, in relevant part: "[f]or the purpose of attacking the character for truthfulness of a witness . . . evidence that an accused [person who testifies] has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused." As this Court has noted, "[t]he introduction of evidence of a prior felony conviction is intended to afford the jury a basis to infer that the witness'[s] character is such that he would be less likely than the average

---

accused."); *Widener v. State*, 242 Ga. App. 438 (529 SE2d 899) (2000) (same); *Sanders v. State*, 199 Ga. App. 671, 672 (2) (405 SE2d 727) (1991) (same).

[9] Because the conviction at issue was fewer than ten years old, the more stringent "substantially outweighs" standard in OCGA § 24-6-609 (b) does not apply.

[10] This trial occurred in October 2013, so Georgia's new Evidence Code applied. See Ga. L. 2011, pp. 99, 214, § 101. The new Code carried forward "substantially all of former OCGA § 24-9-84.1," *Walker v. State*, 296 Ga. 161, 171 n. 17 (766 SE2d 28) (2014), but it changed some of the standards.

trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness."[11]

Smith relies on cases holding that "a trial court must make an on-the-record finding that the probative value of admitting a prior conviction . . . outweighs its prejudicial effect."[12]

> This analysis includes [but is not limited to] the following factors: (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.[13]

These factors were adopted under Georgia's old evidence Code from federal cases applying Federal Rule 609 (b) which applies to convictions *more than ten years*

---

[11] (Punctuation omitted). *Douglas v. State*, 327 Ga. App. 792, 798 (2) (b) (i) (761 SE2d 180) (2014) (decided under former evidence Code).

[12] *Clay v. State*, 290 Ga. 822, 836 (3) (B) (725 SE2d 260) (2012) (decided under the former evidence Code, addressing convictions more than 10 years old).

[13] Id. at 835-836 (3) (B).

*old.*[14] Pretermitting their applicability in this case, where Georgia's new rules of evidence apply and the conviction was not more than ten years old, we note that a trial court was not required to "list the specific factors it considered in ruling" in the context of a prior conviction that is *fewer than ten years old*.[15] Nevertheless, the trial court did list the factors it considered, notwithstanding Smith's argument to the contrary. The record shows that the court explicitly considered the fact that Smith's credibility would be a "substantial factor" in the case; the court considered the probative value of the conviction, concluding that "a prior felony conviction affects someone's credibility as a general matter"; the court considered the nature of the crime (burglary) as making it less likely to serve as improper propensity evidence of a drug possession offense; and the trial court considered the age of the prior conviction as also mitigating an improper propensity inference.

In light of the trial court's transparent and reasoned analysis, Smith's argument that the court failed to engage in an appropriate balancing is without merit. We

---

[14] See *Clay*, 290 Ga. at 835 (3) (B), citing *United States v. Pritchard*, 973 F2d 905, 908-909 (II) (11th Cir. 1992) (Federal Rule 609 (b) analysis).

[15] See *Clay*, 290 Ga. at 836-837 (3) (B). Compare OCGA § 24-6-609 (a) (1) (conviction fewer than ten years old) with subsection (b) (conviction more than ten years old).

discern no abuse of discretion in the admission of Smith's prior felony conviction for the purpose of generally attacking Smith's credibility.[16]

*Judgment affirmed. Miller and Dillard, JJ., concur.*

---

[16] See *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) (evidentiary rulings reviewed for abuse of discretion). See also *Pritchard*, 973 F2d at 908 (II) (applying Federal Rule of Evidence 609 (b) and finding no abuse of discretion in the admission of a burglary conviction – more than ten years old – for general impeachment purposes after weighing the five factors).