## S16A0745. HERRINGTON v. THE STATE.
### (794 SE2d 145)

NAHMIAS, Justice.

Appellant Anthony Herrington challenges his conviction for felony murder based on aggravated assault in connection with the shooting death of Curtis Howard. Appellant contends that the evidence presented at trial was insufficient to support his conviction, that the trial court gave an improper jury instruction on aggravated assault, that his motion for mistrial based on the prosecutor's questions during voir dire was improperly denied, and that his trial counsel provided ineffective assistance. We affirm.[1]

1. (a) Viewed in the light most favorable to the verdict, the evidence at trial showed the following. In 2006, Howard began

---

[1] The victim was killed on August 24, 2006. On October 30, 2007, a Burke County grand jury indicted Appellant and Michael Jones, Michael Thomas, and Michael Fields for malice murder, felony murder based on aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Thomas and Fields pled guilty to reduced charges and agreed to testify for the State. In May 2008, Jones was convicted of felony murder and other crimes; we have affirmed his convictions. See *Jones v. State,* 289 Ga. 111 (709 SE2d 773) (2011). At a trial from October 27-30, 2008, the jury acquitted Appellant of malice murder and possession of a firearm during the commission of a felony, but found him guilty of felony murder. The count charging him with possession of a firearm by a convicted felon, which had been severed for trial, was then nolle prossed. On October 30, 2008, the trial court sentenced Appellant to life in prison for felony murder. On November 4, 2008, he filed a motion for new trial, which he amended with new counsel on December 13, 2013, and then amended with different counsel on August 3, 2015. On August 14, 2015, the trial court denied the motion. Appellant filed a timely notice of appeal, and the case was docketed in this Court for the April 2016 term and submitted for decision on the briefs.

supplying large quantities of cocaine on a weekly basis to Michael Thomas and Michael Fields, two drug dealers in Waynesboro, Georgia. On August 24, 2006, Howard drove in his truck to Waynesboro, checked into a hotel, and then drove to Fields's house, picking up Thomas along the way. When they arrived at the house, Thomas called Fields and told him that they were there. Shortly thereafter, Appellant and Michael Jones, who was armed with a rifle, ran up to either side of the truck, and Howard and Thomas were ordered at gunpoint to get out and get onto the ground. Appellant pulled Thomas's shirt over his head so he could not see. One of the assailants demanded to know where the drugs were, and Howard said that the drugs were back at his hotel. As Howard begged for his life, Jones shot him once in the chest and once in the abdomen, killing him.

Howard weighed about 500 pounds, and Appellant, Thomas, and Fields had to work together to load his body into the bed of his truck. Appellant used a shovel to cover with fresh dirt the bloody ground where Howard lay after being shot, while Jones, Thomas, and Fields left to dispose of Howard's body and truck. The next day, Howard's body was found in the bed of his truck, which was parked behind a vacant mobile home in a neighboring county. The police later found two kilograms of cocaine in a compartment behind the back seat.

At trial, Thomas and Fields testified for the State. Thomas said that Appellant also had a gun when he ran up to the truck, but no other evidence corroborated that point. Appellant testified that he was coming around the corner of the house when he heard the shots, and he denied any involvement in Howard's death. Appellant claimed that he helped load Howard's body into the truck only because Fields's children were about to get home from school.

(b) Appellant argues that the evidence was legally insufficient to prove that he committed the aggravated assault with a deadly weapon predicate for his felony murder conviction. In support of this argument, Appellant asserts that the State failed to prove that he possessed a firearm, pointing to his acquittal on the count of possession of a firearm during the commission of a crime. However, a defendant need not personally possess a weapon or fire a shot to be found guilty as a party to an aggravated assault, if the evidence shows that he "[i]ntentionally aid[ed] or abet[ted] in the commission of the crime[.]" OCGA § 16-2-20 (b) (3). " '(W)hether a person was a party to a crime can be inferred from his presence, companionship, and conduct before and after the crime was committed.' " *Flournoy v. State*, 294 Ga. 741, 745 (755 SE2d 777) (2014) (citation omitted).

Thomas testified that Appellant approached Howard's truck with Jones, Thomas and Howard were ordered out of the truck at gunpoint, Appellant helped to control Thomas while Jones shot

Howard, and Appellant then helped clean up the crime scene, including helping to load Howard's body into his truck. This testimony was corroborated by other evidence, and the jury could disbelieve Appellant's claim that he was not even near the truck when Howard was shot. See *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)).

Thus, even if the jury found that Appellant himself did not have a gun or shoot Howard, it does not follow that he could not properly be found guilty as a party to the felony murder based on the aggravated assault that Jones committed. See *Flournoy*, 294 Ga. at 745-746. See also *Cash v. State*, 297 Ga. 859, 864 (778 SE2d 785) (2015) (explaining that even "[a] defendant who lacks knowledge that his co-defendant possessed the gun that was used to commit an aggravated assault may nevertheless be a party to the aggravated assault," if he shared a criminal intent to commit an assault on the victim); *Hines v. State*, 276 Ga. 491, 492 (578 SE2d 868) (2003) (explaining that Georgia does not recognize "an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count" (footnote omitted)). When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crime for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in instructing the jury on the elements of aggravated assault. Because Appellant did not raise this objection at trial,

> his claim is reviewed on appeal only for plain error, meaning that we will reverse the trial court only if the instructional error was not affirmatively waived . . . , was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings.

*Saffold v. State*, 298 Ga. 643, 650 (784 SE2d 365) (2016) (citation and punctuation omitted). See also OCGA § 17-8-58 (b).

Appellant's claim fails this test. He complains that the trial court did not instruct the jury using only the language of the indictment, which alleged that the aggravated assault was committed "by shooting" the victim. But the court gave the jury the pattern charge for aggravated assault with a deadly weapon, and Appellant does not

contend that he was indicted for some other form of aggravated assault; indeed, he states in his evidence-sufficiency argument that the felony murder charge was based on aggravated assault with a deadly weapon. Moreover, even if the trial court had given an overbroad aggravated assault instruction, that defect was cured, because the record indicates that the court provided the jury with a copy of the indictment for its deliberations and the court instructed the jury that the burden of proof rests on the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. See *Dugger v. State*, 297 Ga. 120, 123 (772 SE2d 695) (2015); *Faulks v. State*, 296 Ga. 38, 39 (764 SE2d 846) (2014). Accordingly, Appellant has shown neither obvious error nor an error likely affecting the outcome of the trial, and this enumeration therefore fails.

3. Appellant next argues that the trial court erred in denying his motion for a mistrial during voir dire. The motion was based on two areas of questioning by the prosecutor. First, when the prosecutor asked the prospective jurors whether they believed that it was fair to hold a person who was a party to a crime equally responsible for the crime, Appellant objected on the ground that it was improper to ask the prospective jurors to prejudge the case. The trial court effectively sustained the objection by directing the prosecutor to move on before any of the prospective jurors answered the question.

> The line between permissible inquiry into "prejudice" (a juror's fixed opinion that a certain result should automatically follow from some fact, regardless of other facts or legal instructions) and impermissible questions of "pre-judgment" (speculation about or commitment to the appropriate result based on hypothesized facts) can be hazy. Thus, in this area as in other areas of voir dire practice, appellate courts should give substantial deference to the decisions made by trial judges, who oversee voir dire on a regular basis, are more familiar with the details and nuances of their cases, and can observe the parties' and the prospective jurors' demeanor.

*Ellington v. State*, 292 Ga. 109, 127 (735 SE2d 736) (2012). In *Thomas v. State*, 296 Ga. 485 (769 SE2d 82) (2015), this Court held that a similar voir dire question was "most reasonably viewed as seeking to determine prejudice in the mind of any prospective juror" and that "the question did not ask the jurors to prejudge the case based upon hypothetical facts." Id. at 490. We therefore found no abuse of discretion in the trial court's allowing the question to be answered. See id. It follows that Appellant cannot show any harmful error here,

where the trial court intervened to prevent the prospective jurors from answering a similar question.

The prosecutor also asked the prospective jurors if any of them had heard about the murder that occurred on August 24, 2006, and he began to outline the alleged circumstances of the crime. Appellant objected and moved for a mistrial. The trial court denied the motion but cautioned the jury panel that nothing the attorneys said was evidence and that the evidence comes only from the witnesses and exhibits. The prosecutor's line of questioning was not inherently improper, as it was meant to determine if any of the prospective jurors had prior knowledge of the case that might require their removal, and on objection that the prosecutor was misstating what the evidence would show, the court halted the questioning and gave an appropriate cautionary instruction. Under these circumstances, the prosecutor's statements were not inherently prejudicial and did not deny Appellant his right to a fair trial, and the trial court therefore did not abuse its discretion in refusing to strike the jury panel and restart jury selection. See *Kinder v. State*, 284 Ga. 148, 150 (663 SE2d 711) (2008).

4. Finally, Appellant asserts that he received ineffective assistance of trial counsel because his counsel moved for a mistrial during voir dire, see Division 3 above, instead of making a "challenge to the poll," which is the proper procedural vehicle to seek a new panel from which to select a jury. See *Sharpe v. State*, 272 Ga. 684, 687 (531 SE2d 84) (2000). However, where the "clear import of the motion is that the jury panel be excused and another panel be made available," the defendant's use of incorrect nomenclature may be disregarded. Id. Here, the import of the motion made by Appellant's trial counsel was clear, and the trial court denied the motion on the merits, which we have explained was not an incorrect ruling. Thus, Appellant has failed to show any prejudice from the nomenclature used by his trial counsel, and he therefore cannot show that his counsel was constitutionally ineffective. See *Strickland v. Washington*, 466 U. S. 668, 694 (104 SCt 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Jacob D. Rhein*, for appellant.
*Ashley Wright, District Attorney, Joshua B. Smith, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B.*

*Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General,* for appellee.