**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 22, 2020**

# In the Court of Appeals of Georgia

A20A0526. PURNELL v. THE STATE.

REESE, Presiding Judge.

Ian Michael Purnell was convicted of burglary in the first degree. On appeal, Purnell argues that the trial court erred in declining to strike the venire. The State asked each of the panel members if anyone had been a victim of a crime, and two potential jurors answered the question in the affirmative and expressed dissatisfaction with the sentences the perpetrators received. For the reasons set forth infra, we affirm.

Prior to trial, the State informed the court and Purnell of its intent to seek a recidivist sentence under OCGA § 17-10-7. The State subsequently moved in limine to exclude any reference to the sentence Purnell was facing if convicted. The court granted the motion, noting that Purnell had conceded that any reference to his

potential sentence would be improper. The court allowed, however, testimony and evidence related to the plea agreement between Purnell's co-defendant and the State.

During voir dire, the State asked the jury panel whether anyone had been the victim of a crime. One of the potential jurors answered: "Back in 2010, my house was broken into and they took just about everything out of it. It was three gentlemen." The potential juror continued that she was not satisfied with the criminal process, and noted that the defendants had received "ten years and they served two and they're still in the ten years."

Purnell moved for a mistrial outside the presence of the jury. Purnell argued that the juror's answer had tainted the jury pool because it mentioned a potential sentence for burglary. The State responded that the answer had not affected the other jurors' ability to hear the case and did not reference a potential sentence for Purnell. The State noted that, if the jury had been tainted, the court could bring in another jury pool and restart the process. The court contemplated a curative instruction, but ultimately decided to deny Purnell's motion without issuing a curative instruction because there was no evidence the answer had influenced the other jurors.

The State continued to ask potential jurors whether any of them had been the victim of a crime. Another potential juror answered that she had been the victim of

an "especially aggravated assault and attempted murder and they — the State worked out a plea of thirty years, but then he was paroled in seven." The juror stated that she was not satisfied with the outcome because the defendant was eventually paroled: "The first time he came up after six years, they denied parole, but then the second — the next year he came up again and was released." Purnell renewed his previous motion for a mistrial, which the trial court denied, but the court allowed a continuing objection. Neither of the potential jurors who commented on a sentence or parole served on Purnell's jury.

During the jury charge at the conclusion of trial, the court instructed the jury as to the State's burden of proof, the presumption of innocence, and the definition of reasonable doubt. The court additionally instructed: "You are only concerned with whether the State has carried its burden of proving the guilt of the defendant beyond a reasonable doubt. You are not to concern yourselves with punishment." After the charge, Purnell renewed his objection as to the court's failure to give a limiting instruction during voir dire. The court overruled the objection. The jury returned a guilty verdict.

Purnell filed a motion new trial, arguing that the trial court erred in denying his motion for mistrial after the comments from the two potential jurors. The trial court

denied the motion, finding that the comments were not inherently prejudicial and that the court had cured any harm through its instructions to the jury. This appeal followed.

We review issues regarding jury panel dismissal for an abuse of discretion.[1] "[I]n this area as in other areas of voir dire practice, appellate courts should give substantial deference to the decisions made by trial judges, who oversee voir dire on a regular basis, are more familiar with the details and nuances of their cases, and can observe the parties' and the prospective jurors' demeanor."[2] With these guiding principles in mind, we now turn to Purnell's specific claim of error.

In his sole enumerated error on appeal, Purnell argues that the trial court erred in denying his motion for a mistrial after two potential jurors commented on punishment and parole. He contends that the comments were prejudicial because they distracted the jury from considering the lesser included offense of theft by taking.

As an initial matter, "[t]he time for making a motion for mistrial is not ripe until the case has begun, and the trial does not begin until the jury has been impaneled

---

[1] See *Lester v. State*, 343 Ga. App. 618, 623 (2) (807 SE2d 922) (2017).

[2] *Herrington v. State*, 300 Ga. 149, 152 (3) (794 SE2d 145) (2016) (punctuation and citation omitted).

and sworn."[3] In response to prejudicial comments before the venire, the proper procedural vehicle is a "challenge to the poll" or a motion to strike the panel and impanel new jurors who had not heard the remark.[4] "However, where the clear import of the motion is that the jury panel be excused and another panel be made available, the defendant's use of incorrect nomenclature may be disregarded."[5] Here, Purnell sought to strike the venire and restart the process. Thus, despite the nomenclature of the motion, the trial court appropriately considered the merits of Purnell's motion for mistrial.[6]

> In determining whether a trial court is required to excuse a jury panel for remarks made during voir dire, the inquiry is whether the remarks were inherently prejudicial and deprived [the defendant] of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion. If so, then the trial court's failure to excuse the panel constitutes an abuse of discretion.[7]

---

[3] *Sharpe v. State*, 272 Ga. 684, 687 (5) (531 SE2d 84) (2000) (citation and punctuation omitted).

[4] Id.

[5] *Herrington*, 300 Ga. at 153 (4) (citation and punctuation omitted).

[6] See id.

[7] *Johnson v. State*, 340 Ga. App. 429, 435 (3) (797 SE2d 666) (2017) (citation and punctuation omitted).

Additionally,

> [g]enerally, dismissal of a jury panel is required when, during voir dire, a prospective juror relays information that is specific to the defendant and germane to the case for which the defendant is on trial. Dismissal is not required, however, when the statements establish only gossamer possibilities of prejudice.[8]

In this case, the potential jurors' comments on sentencing and parole were not inherently prejudicial. The comments did not relate to Purnell specifically and "did not imply that [Purnell] was guilty of the crime with which he was charged."[9] Moreover, the trial court instructed the jury that it was not to concern itself with punishment, "and qualified jurors under oath are presumed to follow the instructions

---

[8] Id.

[9] *Logan v. State*, 265 Ga. App. 134, 137 (3) (593 SE2d 14) (2003). Compare, e.g., *Heng v. State*, 251 Ga. App. 274, 278-279 (4) (554 SE2d 243) (2001) (trial court did not abuse its discretion in declining to strike the entire panel after a juror commented that the defendant "looked like a punk" and "[came] over here and commit[ted] crimes"), with *Sinyard v. State*, 243 Ga. App. 218, 221 (2) (531 SE2d 140) (2000) (juror comment that a friend had been cheated by the defendant was inherently prejudicial and required the trial court to strike the jury panel in defendant's trial for theft by conversion).

given by the trial court."[10] Accordingly, the trial court did not abuse its discretion in denying Purnell's motion for mistrial and declining to strike the jury panel.

Purnell additionally argues that the State was estopped from opposing Purnell's motion for a mistrial because the State sought and received a motion in limine ruling excluding discussion regarding Purnell's potential sentence. While Purnell contends that the estoppel was from a "record or judgment unreversed" under OCGA § 24-14-26 (b) (1),[11] his arguments are more akin to judicial estoppel. Under the doctrine of judicial estoppel, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."[12]

---

[10] *State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006) (citation omitted).

[11] See OCGA § 24-14-26:

> (a) Conclusive presumptions of law are termed estoppels; averments to the contrary of such presumptions shall not be allowed. Estoppels are not generally favored.
> (b) Estoppels include presumptions in favor of:
>     (1) A record or judgment unreversed[.]

[12] *Roberts v. State*, 278 Ga. 610, 611-612 (604 SE2d 781) (2004) (citation and punctuation omitted).

7

In a criminal prosecution, "application of the doctrine of judicial estoppel is inappropriate."[13] "[J]udicial estoppel should not be applied in criminal proceedings against either the State or the defendant."[14] Regardless, the State did not adopt a contrary position to its motion in limine because it did not solicit or capitalize on the prospective jurors' comments.[15] Accordingly, the State was not estopped from opposing Purnell's motion for mistrial.

*Judgment affirmed. Markle and Colvin, JJ., concur.*

---

[13] *Roberts*, 278 Ga. at 613.

[14] Id. at 612-613.

[15] See *Period Homes v. Wallick*, 275 Ga. 486, 488-489 (2) (569 SE2d 502) (2002).